UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                  :

RICHARD K. and JULIE K., individually and as     :
guardians of K.K., a minor,

                                        :

                       Plaintiffs,        :             18 Civ. 6318 (JPC)

                                          :

           -v-                     :            <u>ORDER</u>

                                          :

UNITED BEHAVIORAL HEALTH and OXFORD     :
HEALTH INSURANCE OF NEW YORK/PPO,      :

                                        :

                     Defendants.      :

                                          :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On or before February 18, 2025, the parties shall submit simultaneous supplemental briefs of no more than 5,000 words each, addressing the following issues:

1. The reason for K.K.'s admission to Sedona Sky Academy on February 21, 2015, and the particular facts and circumstances that made K.K.'s admission to a Residential Treatment Center medically necessary as of that date under the terms of the Plan.

2. The particular facts and circumstances in the administrative record—apart from Dr. Ahluwalia's, Dr. Allchin's, and the independent external reviewer's denial letters themselves—indicating whether K.K. could have continued to receive treatment at a less intensive level of care as of March 19, 2015, under the terms of the Plan.

3. Whether it is proper for the Court to consider K.K.'s alleged episode of self-harm that occurred on or about March 18, 2015, in light of the fact that this episode was only reported on March 22, 2015 (after Dr. Ahluwalia's initial adverse benefit determination), *and* the significance (if any) of that fact to whether K.K. could have continued to receive treatment at a less intensive level of care as of March 19, 2015,

under the terms of the Plan.

4. If the Court agrees with Plaintiffs that K.K. posed a risk of harm to herself or others as of March 19, 2015, whether that conclusion would support or undermine Plaintiffs' claim for Residential Treatment Center benefits from that date onward under the terms of the Plan and the applicable Optum Level of Care Guidelines. *See, e.g.*, AR at 1553 (stating that for admission to a Residential Treatment Center to be proper, the patient must *not* be "in imminent or current risk of harm to self, others and/or property"); *see also id.* at 1557 (stating that the relevant admission criteria must be met for continued service to be appropriate).

SO ORDERED.

Dated: February 4, 2025
New York, New York

JOHN P. CRONAN
United States District Judge